Rob D. Cucher, SBN 219726
LAW OFFICES OF ROB D. CUCHER
315 S. Beverly Drive, Suite 310
Beverly Hills, CA 90212
Telephone:  (310) 795-5356
Facsimile:   (310) 837-1996
cucherlaw@msn.com

Attorneys for Respondents,
EMBLAZE ONE, INC. and
JASPREET MATHUR

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of Hedrick House Limited, <br><br> Applicant, <br><br> For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents for use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 | Case No.:  2:20-mc-00048-RGK-DFM <br><br> **OPPOSITION TO APPLICANT'S SECOND ATTEMPT ON AN APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §1782** |

Respondents Emblaze One, Inc. and Jaspreet ("Jas") Mathur (collectively where appropriate, "Respondents"), hereby oppose and object to the Application to Conduct Discovery, as follows:

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**                                                                **Pg. 3**

## MEMORANDUM OF POINTS & AUTHORITIES

**I.       INTRODUCTION**                                                               **Pg. 4**

**II.      PRIOR RULING**                                                               **Pg. 4**

**III.     SUMMARY OF ARGUMENT**                                                        **Pg. 7**

**IV.      ARGUMENT**                                                                   **Pg. 9**

    **A.  There is No Pending Action Contemplated by the Parties.**             **Pg. 10**

    **B.  The Application Must Fail as HHL Seeks Documents
Related to its Competition.**                                                          **Pg. 15**

    **C.  District Courts Compliance With §1782 Requests is not
Mandatory. As These Request Still Are Not Narrowly Tailored**                          **Pg. 17**

    **D. The §1782(a) Request in the Application is Burdensome,
Duplicative, and Abusively Burdensome and Intrusive.**                                 **Pg. 19**

        **1.   Prior Ruling**                              **Pg. 19**

        **2.  The Documents Sought are Unnecessary and Confidential**   **Pg. 20**

**V.       CONCLUSION**                                                                 **Pg. 22**

**DECLARATION OF JAS MATHUR**                                                           **Pg. 23**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

# TABLE OF AUTHORITIES

**Cases**

*Intel Corp. v. Advanced MicroDevices, Inc.* (2004) 542 U.S. 241 — passim

*In re Dubey*, 949 F. Supp. 2d 990, 991-92 (C.D. Cal. 2013) — Pg. 5

*Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.,*
798 F.3d 113, 123-24 (2d Cir. 2015 — Pg. 5

*In re Premises Located at 840 140th Ave. NE*,
634 F.3d 557, 563 (9th Cir. 2011) — Pg. 6

*In re Ex Parte Application of Qualcomm Inc.,*
162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016) — Pg. 7

*In re Fagan*, No. 19-0047, 2019 WL 8011742, at *3
(C.D. Cal. May 10, 2019) — Pg. 7

*Application of Consorcio Ecuatoriano de  Telecommunicaciones S.A.
v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262 — 13,15,18

*In re Letter of Request from the Crown Prosecution Serv. Of the U.K.,*
870 F.2d 686,691 (D.C. Cir.1989) — Pg. 15

*United Kingdom* v. *United States,* 238 F. 3d 1312, 1319 (CA11 2001) — Pg. 17

**Statutes**

28 U.S.C. § 1782 — passim
Fed. Rule Civ. Proc. 27 — 16-17
Fed. Rule Civ. Proc. 26(b)(1) — 20-21

**Other Sources**

https://www.justice.gov.uk/courts/procedure-rules/civil/rules/pd_pre-action_conduct — 11-14

# MEMORANDUM OF POINTS & AUTHORITIES

## I.  INTRODUCTION

Applicant Hedrick House Limited ("HHL") hereby brings the instant Application for the Issuance of a Subpoena for the Taking of a Deposition and Production of Documents for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782 (the "Application"), for the entry of an order from this Court allowing HHL to take the deposition testimony of Jaspreet "Jas" Mathur and Emblaze One Inc, and to obtain documents.

This is the <u>second</u> time HHL has brought this Application as the first was denied by this Court, the Honorable Douglas F. McCormick.  This second bite at the apple must fail, again, due to the same reasons as set forth in the prior ruling.

## II. PRIOR RULING

The Civil Minutes dated March 31, 2020 explained the legal elements and issues in the Application quite well: Under 28 U.S.C. §1782, "[t]he district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal."  The primary purpose of §1782 is to provide federal courts judicial assistance in gathering evidence for use in a proceeding in a foreign or international tribunal. See *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

A district court may order production of discovery if three statutory requirements are satisfied: (1) the application is made by a foreign or international tribunal or "any interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the person or entity from whom the discovery is sought is a resident of or found in the district in which the application is filed. *In re Dubey*, 949 F. Supp. 2d 990, 991-92 (C.D. Cal. 2013).

The Court found that the first and third requirements were easily established. It was the second element that the Court found lacking in the first application.

The Court continued, "It is less than clear, however, that HHL seeks information 'for use in a proceeding in a foreign or international tribunal.' Although the Supreme Court has rejected the view that §1782 requires proceedings to be 'pending' or 'imminent,' a proceeding must be 'within reasonable contemplation.' *Intel Corp.*, 542 U.S. at 259.  I agree with those courts that have determined that 'reasonable contemplation' means that proceedings cannot be speculative; as one court has explained, 'a § 1782 applicant must present to the district court some concrete basis from which it can determine that the contemplated proceeding is more than just a twinkle in counsel's eye.' *Certain Funds, Accounts &/or Inv. Vehicles v. KPMG, L.L.P.*, 798 F.3d 113, 123-24 (2d Cir. 2015)."

The Court also found that "even if those statutory requirements are met, a district court still retains the discretion to deny a §1782 request. See *In re Premises Located at 840 140th Ave. NE*, 634 F.3d 557, 563 (9th Cir. 2011). In assessing whether to exercise its discretion, the court may consider a wide range of potentially applicable factors, including: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to the Court's assistance; (3) whether the request is an attempt to circumvent foreign proof gathering restrictions or other policies of the foreign country or the United States; **and (4) whether the request is unduly intrusive or burdensome**. See *Id.* (citing *Intel Corp.*, 542 U.S. at 264-65)."

"A request should be <u>denied</u> if the court suspects that the request is a fishing expedition or a vehicle for harassment. See *Id.*"

As the Court held: "**HHL has not identified with particularity the foreign tribunal in which it would seek to bring any claims against Fletcher, other than a general reference to possible proceedings in the United Kingdom. But more significantly, and contrary to HHL's representation, the requests are far from narrowly-tailored, and seek the production of a vast array of documents unrelated to Fletcher.**"

Also, the Court found that the fourth factor was "overwhelmingly persuasive."  As he held, "Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016).

The Court then concluded: "The breadth of HHL's request cause me more than some reservations that HHL is seeking information from Respondents for a purpose more substantial than a mere fishing expedition. **In such a circumstance the authority is clear: the application should be denied**. *See In re Fagan*, No. 19-0047, 2019 WL 8011742, at *3 (C.D. Cal. May 10, 2019); *In re Sargeant*, 278 F. Supp. 3d at 823." [emphasis added].

### III.      SUMMARY OF ARGUMENT

The Applicant HHL attempted to fix its Application to address the Court's points as quoted above.  However, the defects are still there.

The Application, once again, is still not for "use in a proceeding" per *Intel*. HHL this time includes a declaration from its attorney in the United Kingdom to show that there is in fact legal counsel there and that he is ready to file a lawsuit. However, he is not ready to file a lawsuit as he has specifically chosen **not** to file a lawsuit despite the opportunity and right to do so.

The UK counsel points to the requirement in the UK that plaintiffs send a "Pre-Action Protocol Letter" prior to filing a lawsuit. However, there is no requirement that documents be exchanged or that evidence be gathered in that protocol. The UK counsel wrote the letter back in July 2019 and instead of filing 30 days after, which is customary, he waited many months and then after the first application here was denied, sent another unnecessary Pre-Action Protocol Letter, and then another one of these applications. There is no desire to initiate any proceeding against the purported defendant there, and as such no proceeding is "within contemplation" here as it was in *Intel*.

This timeline proves that this is indeed a fishing expedition to circumvent the normal litigation process and attempt to get information and documents from a third party with no legal basis to do so.

Also, the Court's key reservation about the requests not being narrowly tailored, was also not fixed in this second round. Upon close review, HHL reduced the total number of requests from 40 down to 15; however, 3 out of the 15 requests wrongfully compound the request and include requests for documents as to 6 different parties in each of the requests. These 3 should have been 18, which would put the total number back where it was in the first Application. Most notably the requests still seek confidential information and a "vast array" of documents unrelated to Mr. Fletcher, the real party in interest.

8

## IV.   ARGUMENT

The Application now states that "HHL seeks the aid of this Court in taking discovery from Mathur and Emblaze One Inc. concerning the payment transactions at issue; the identity of the acquiring bank or any other intermediary; the amount of funds owed, including payments received from others in the processing chain and any claimed chargebacks, fees, or other offsets; and the involvement of certain other parties in providing Fletcher's payment solutions to HHL."  Page 2; 24-28.

This is more descriptive than the first application wherein HHL sought documents only concerning "amounts owed and whereabouts of funds."  However, while we're in a bigger pond we are most definitely still fishing.  For example, for the case that is proposed against Fletcher in the UK the plaintiff HHL has most of the information already.  In the moving papers alone the exact amount owed is already known and the basis of liability acknowledged in the declarations. Once this is alleged on Fletcher, the burden of proof would shift to him to prove otherwise.

Why, then, would HHL need any of the documents regarding amounts owed when it would be Fletcher's burden to disprove it?  Fletcher if anyone should be bringing this Application, not HHL.  Moreover, the "involvement of certain other parties" is clearly an effort by applicant HHL to find other parties to include in the so-called intended lawsuit or to start new lawsuits against.  Such is not the purpose of discovery and cannot be the basis for a request under this §1782.

## A. <u>There is No Pending Action Contemplated by the Parties.</u>

Applicant HHL relies heavily upon *Intel Corp. v. Advanced MicroDevices, Inc.* to justify the request for discovery *prior to* the filing of a civil action, citing that "Section 1782(a) does not limit the provision of judicial assistance to 'pending' adjudicative proceedings. . . [and] covers 'criminal investigations conducted before formal accusation.'. . . . [W]e hold that § 1782(a) requires only that a dispositive ruling by the Commission, reviewable by the European courts, be within reasonable contemplation." At pp. 258-259.

This is much different than in the instant matter. In *Intel*, plaintiff AMD filed an antitrust complaint against petitioner Intel with the Directorate-General for Competition (DG-Competition) of the Commission of the European Communities and in pursuit of that complaint, AMD applied to the Northern District of California, invoking 28 U.S.C. §1782(a), for an order requiring Intel to produce potentially relevant documents.

While the Court held that no "proceeding" or "foreign tribunal" per the code was pending, the fact that one was certainly "contemplated" was sufficient to invoke §1782(a). The Commission of the European Communities was a foreign body that was conducting a full investigation, and a **formal proceeding was certain to follow that investigation**, similar to the exhaustion of administrative remedies that is prevalent in the United States federal and state courts.

10

In the instant matter, however, there was no such commission, no proceedings, and no formal investigation.  In the first application, there were only emails from HHL's counsel Mr. Lee that evidenced any form of investigation.  Now, in the new Application, HHL includes the Declaration of Christopher John Jones, a solicitor with a UK legal firm, and a detailed accounting of the efforts taken by Mr. Jones in the legal actions between HHL and Fletcher.  It is Respondents' position, however, that the efforts taken by HHL and its counsel still fall far short of what is required under the Code.  The proceeding appears still to be a twinkle in the eye of the moving party's counsel, as the UK counsel has specifically chosen not to file a lawsuit.  If it was once contemplated in the past, it is certainly not contemplated anymore.  This is clearly an effort to obtain third party documents that is outside of the scope of §1782.

Upon review of the Application and Jones Declaration, it is clear that HHL now relies on the Ministry of Justice Civil Procedure Rules in the UK to show that litigation was "imminent."  However, upon review of those Civil Procedure Rules, specifically on the UK court website, https://www.justice.gov.uk/courts/procedure-rules/civil/pdf/protocols/debt-pap.pdf, it is clear in section 3.4 of the "Pre-Action Protocol for Debt Claims" that "If the debtor does not reply to the Letter of Claim within 30 days of the date at the top of the letter, the creditor may start court proceedings."  Here, 5 months later, no case has been filed.

OPPOSITION TO APPLICATION TO CONDUCT DISCOVERY

There is no need for an extensive discovery effort prior to filing a case as seems to be implied in the moving papers.  As seen on the UK court site, https://www.justice.gov.uk/courts/procedure-rules/civil/rules/pd_pre-action_conduct#13.1, the section titled "Compliance with this Practice Direction and the Protocols" states as follows:  "If a dispute proceeds to litigation, the court will expect the parties to have complied with a relevant pre-action protocol or this Practice Direction. The court will take into account non-compliance when giving directions for the management of proceedings."

Mr. Jones declares that he sent the Pre-Action Protocol letter to Fletcher on July 10, 2019.  He received a reply on July 22, 2019.  The reply stated that Fletcher did not know HHL and that he was not responsible for any funds owed, and that he would try to get HHL's claims settled.  See Jones Declaration, paragraphs 4-5.

Then on October 4, 2019, Jones declares that he wrote to Fletcher again and that "Mr. Fletcher failed to provide any of the documentation supporting his denials of involvement or responsibility for the receivable owed to my client."  The UK court would have held this against Fletcher, yet, no case was filed.

Jones writes in section 9 of his Declaration: "Following further investigation and analysis undertaken by my client, and as noted above, Applicant believes that, in fact, Mr. Fletcher owes $295,541.52 for certain credit card processing that occurred through two separate payment solutions provided by Fletcher."

OPPOSITION TO APPLICATION TO CONDUCT DISCOVERY

Jones already wrote the protocol letter he refers to, and he followed it up with a letter months later in October 2019.  If a proceeding was truly contemplated against Fletcher, it would have already been brought against Fletcher given the belief that he owes HHL $295,541.52 and the *he* processed two payments solutions.

The case against Fletcher had been made as of October 2019.  Nothing in the so-called UK "pre-action protocol" requires that a party needs to get documents before starting a case.  And the case was established.  Yet, no filing made.

In the case of *Application of Consorcio Ecuatoriano de Telecommunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 747 F.3d 1262, 1271 (11th Cir. 2014) ("*Conocel*"), the moving party Conecel had a "contemplated civil action for collusion" to be filed in Quito, Ecuador, and the court held that §1782 did apply and the discovery was granted.  In the Ecuador court system, however, "under the applicable procedural rules, [a plaintiff like] Conecel must present all of the evidence necessary to support its claims **at the moment it files its action.**"  At p. 1266 [emphasis added].  The procedure in Ecuador courts is to present evidence at the time of filing the case.  This is not the system in the UK, as seen above.

The UK pre-protocol process is different than in Ecuador as nothing in the UK requires that evidence be presented prior to filing a case.  To the contrary, the objectives of the protocol are as follows: (a) understand each other's position; (b) make decisions about how to proceed; (c) try to settle the issues without

13

proceedings; (d) consider a form of Alternative Dispute Resolution to assist with settlement; (e) support the efficient management of those proceedings; and (f) reduce the costs of resolving the dispute.

See https://www.justice.gov.uk/courts/procedure-rules/civil/rules/pd_pre-action_conduct.

Notably, this list of objectives does not even include discovery.

The UK mandates that "A pre-action protocol or this Practice Direction must not be used by a party as a **tactical device** to secure an unfair advantage over another party.  Only reasonable and proportionate steps should be taken by the parties to identify, narrow and resolve the legal, factual or expert issues." *Id.*

This Application is a clear attempt at gathering information to use against parties other than Fletcher, which contradicts the legislative intent of §1782. There is no contemplation of filing against Fletcher as according to Mr. Jones' own words in his Declaration, he had already established the basis of the claim in October 2019 and chose not to file.  If there was once 'contemplation,' there is now no more.

The first application was denied on March 31, 2020 in part because no proceeding was contemplated.  Then, as seen in the Jones' Declaration, instead of a court filing, he sent another "pre-action protocol letter" to Fletcher days later.

This shows there is no intent to file a case but rather a tactical device in the form of a concerted effort to get documents and build cases against other parties.

"The future proceedings must be more than speculative, however, and a 'district court must insist in reliable indications of the likelihood that proceedings will be instituted within a reasonable time.'" *Application of Consorcio Ecuatoriano de Telecommunicaciones, supra,* 747 F.3d at p. 1266, citing *In re Letter of Request from the Crown Prosecution Serv. Of the U.K.,* 870 F.2d 686,691 (D.C. Cir.1989).

Clearly, the current Application is not brought with the legislative intent of §1782 in mind, and a proceeding was already not brought within a reasonable time. This is an ongoing fishing expedition to find out what Respondents know, who they have done business with, and where more claims against more parties may lie.

There is no pending action currently contemplated by these parties, and as such the Application must be denied.

**B. The Application Must Fail as HHL Seeks Documents Related to its Competition.**

Mathur has never heard of HHL or Zhang Li before the first application was filed. See *Declaration of Jas Mathur,* para. 4.

However, Mathur does know from review of the Application that the documents being sought herein are directly pointed toward HHL's competition. This proposed subpoena may result in HHL obtaining documents that could give it a competitive edge over those other parties.

This was noted in the Court's prior ruling, and nothing has changed, as in the new Application, the requests are still overly intrusive, seeking private financial information, seeking confidential information of third parties, and seeking information on direct competitors of Applicant HHL.  As such, the Application should again be denied.

For example, numerous document requests ask for correspondence and other business records involving persons and entities named Adam Silver, S2S, SIMOS, Marbs One, Technomatirx, and the defendant Fletcher as well. There are very few requests that are pointed directly at Respondents and Respondents' direct relationship to the parties at issue in the UK matter.  *Id.* at para. 5.

If this Court grants the Application, then Respondents may be wrongfully required to produce to HHL documents that contain business plans, pricing, models, notes, strategies, and other communications from persons and entities in direct and/or indirect competition with HHL.

Respondents may not have any responsive documents in their possession or control, but to place them in a situation where they are giving HHL a competitive edge over these other parties would contradict policy and be inapposite to the intent behind the rules of evidence and civil procedure.

In his dissent to the *Intel* decision, Justice Breyer addressed this very issue: "The Federal Rules of Civil Procedure, for example, make only limited provisions

for nonlitigants to obtain certain discovery. See Fed. Rule Civ. Proc. 27. **The limitations contained in the Rules help to avoid discovery battles launched by firms simply seeking information from competitors.** Where there is benefit in permitting such discovery, and the benefit outweighs the cost of allowing it, one would expect either domestic law or foreign law to authorize it. If…there is some special need for the discovery in a particular instance, one would expect to find foreign governmental or intergovernmental authorities making the case for that need. Where *none* of these circumstances is present, **what benefit could offset the obvious costs to the competitor and to our courts? I cannot think of any**." *Intel Corp., supra,* 542 U.S. at p. 270 [emphasis added].

"Application of either of these limiting principles would require dismissal of this discovery proceeding". *Id.* This Application fails because no proceeding is pending, there is no special need for the evidence sought, and the costs to Respondents as to these other third-party competitors of HHL cannot be offset.

C. **District Courts Compliance With §1782 Requests is not Mandatory as These Requests are Still Not Narrowly-Tailored.**

A district court is not required to grant a §1782(a) discovery application simply because it has the authority to do so. *United Kingdom* v. *United States,* 238 F. 3d 1312, 1319 (CA11 2001).

OPPOSITION TO APPLICATION TO CONDUCT DISCOVERY

"[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp., supra,* 542 U.S. at p. 264. Here, there was no showing that the information sought is "unobtainable" especially given that the documents to show the 'whereabouts' of HHL's money should be obtainable from the actual party who took it, i.e. Mr. Fletcher.

"[A] court presented with a §1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U. S. federal-court judicial assistance." *Id.* Here, there is no proceeding underway abroad, as there was already an arbitration in *Conocel* and a public hearing in *Intel*.

"[A] district court could consider whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States.  Also, unduly intrusive or burdensome requests may be rejected or trimmed." *Intel Corp. v. Advanced MicroDevices, Inc., supra,* 542 U.S. at p. 265.

Here, HHL is unrelated to Respondents and is seeking evidence related to its competition.  This Application is clearly an effort **to circumvent proof-gathering restrictions**, and clearly burdensome and intrusive on Respondents.

18

### D. The §1782(a) Request in the Application is Burdensome, Duplicative, and Abusively Burdensome and Intrusive.

#### 1. Prior Ruling

Again, just as in sending a second pre-action protocol letter immediately after losing this discovery motion even though doing so was wholly unnecessary under UK civil procedure, counsel for HHL once again plays games with the scope of the documents sought.

In the first application, the Court found that "the requests [were] far from narrowly-tailored, and seek the production of a vast array of documents unrelated to Fletcher." There were 40 document requests, many of which involved parties and documents unrelated to Fletcher, as the Court noted.

Now, in the new Application, HHL seems at first glance to tailor the request, lowering the total from 40 to 15. However, upon closer review of the requests in the exhibits to Lee's Declaration, numbers 10, 12, and 15, request documents as to 6 different entities in each request! If you separate out the compound nature of the request and propound it properly, each of those three requests would be 18 requests, bringing the total much closer to the 40 that led to the denial of the prior Application. Also, most notably, again there remains requests as to third party companies unrelated to Fletcher. As the Honorable Judge McCormick found, and as held in *Intel*, this alone justifies the denial of the Application.

### 2.  <u>The Documents Sought are Unnecessary and Confidential</u>

In 2015 Federal Rule of Civil Procedure 26(b)(1) was amended, to read as follows:  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

The contract or fraud claims can easily be made against Fletcher without the documents requested in the Application, and is in fact already actually made just by taking the Li and Jones declarations on their face.  The amount owed is stated, and the claims against Fletcher are established.  There is no need for the Court to grant this Application.

So why is there this incessant demand for documents and testimony from Respondents?  The first application contained a defamatory statement against Respondent Mathur, and it is again repeated this time as a "belief" of HHL.  Clearly, there is no love lost here, and the attempts to collect unnecessary documents and to subject Respondents to depositions in this third party matter should not be permitted.  The request for depositions and documents should be denied as there is more than simple proof-gathering going on here.

OPPOSITION TO APPLICATION TO CONDUCT DISCOVERY

1
2
3
4
5
6
7

        If more information was truly needed, it could be obtained from Fletcher

himself.  If Mathur processed any transactions as claimed herein, he clearly would

have done so as an agent of Fletcher, under Fletcher's direction and control.  As

such, HHL has relative access to the information sought, per Rule 26(b)(1), and the

information sought is therefore not proportional to the needs of the case.

8
9
10
11
12

        Moreover, most of the requests invoke privileges and would be considered

confidential financial or business information.  For example, all of the requests

mentioning third parties request communications with third parties which

Respondents may have unrelated business relationships or contracts with.

13
14
15
16
17

        The confidential nature of those relationships and/or contracts would

preclude any response to those requests without notices to consumer, or third-party

subpoenas, or protective orders, or some means by which to protect the confidential

and/or privileged nature of those documents.

18
19
20
21
22
23
24
25
26
27

        If this honorable Court is inclined to grant HHL's Application, and order

discovery to be produced by Respondents, the list attached to Lee's declaration

should be redacted and modified simply to include a reply only to the requests

involving Fletcher and Respondents only.  Even those would be objectionable

based on the arguments set forth above.  Still, they are the only requests which

would not implicate the more serious legal matters of third party confidentiality and

competition issues.

21
28

All other requests subject to this Application should be stricken as they are overbroad in nature, burdensome and unduly intrusive on Mathur and Emblaze, and contain confidential information with third parties.  The importance of all these burdensome requests will do little to nothing to resolve the issues presented by HHL, and the burden of production will outweigh the benefit per Rule 26(b)(1).

**V. CONCLUSION**

There is no proceeding that is truly being contemplated as it has been a nearly a year since the Applicant had facts sufficient to file against Fletcher, by its own admission. Nothing has been done, and nothing will be done.  Also, the requests were not tailored any more than in the previous application as three different requests ask for documents on 6 different parties each.  These compound requests are improper, and seek documents related to third parties, many of which may be direct competitors of applicant.   The Application is improper under 28 U.S.C. 1782(a), inappropriate as from a competitor, premature under case law, and clearly unduly burdensome, intrusive and harassing on its face.  As such, Respondents respectfully request that the Application be denied.

Respectfully submitted,

_____.

Rob D. Cucher, SBN 219726

# DECLARATION OF JAS MATHUR

I, Jas Mathur, declare:

I am a named respondent as the subject of this Application, and I am also an officer of Emblaze One, Inc.  I am over the age of 18 and a resident of Los Angeles. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently to such facts under oath.

1. On or about March 9, 2020 I obtained a copy of the first application to conduct discovery.  It contained a defamatory comment toward me that I am still considering bringing an action upon.

2. Last week I was informed by my counsel that another application was filed with minor changes, still with the comment against me but stated as someone's belief this time around.  I don't know who HHL the applicant is and I am unsure why they are personally attacking me.

3. I have never heard of Hedrick House Limited or Zhang Li until receiving this Application.  I have no contract or any direct business relationship with either of them.  I am also not a partner, joint venturer, or employee or employer of Mr. Fletcher.

4. It appears to me, based on review of the Application documents, that Hedrick House Limited is a payment facilitator.  As such, it is my belief that Hedrick House Limited is a direct competitor with one or more of the persons or

entities referenced in the proposed document request attached to the Application. This is the same list that was in the previous application. I believe they added one more company in this new application. If I did have any responsive documents, which I am unlikely to given my limited involvement in the transactions, I would not be able to produce them to a third party given the privacy and business interests of these third parties.

5. I hereby reserve the right to pursue all rights and remedies available to me, specifically to restrict the third parties involved in this underlying matter to make unfounded accusations against me and my company and to defame my business reputation in public documents.

I declare under penalty of perjury, under the laws of California, that the foregoing is true and correct. Executed on May 8, 2020, at Los Angeles, California.

_/s/*Jas Mathur*_____.
JAS MATHUR, Individually and
for Emblaze One, Inc.

## **PROOF OF SERVICE**

I am employed in the County of Los Angeles, State of California.   I am over the age of 18 and not a party to the within action; my business address is 315 S. Beverly Drive, Suite 310, Beverly Hills, CA 90212.  On May 8, 2020, I served the foregoing document described as:

**OPPOSITION TO APPLICANT'S SECOND ATTEMPT ON AN APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. §1782**

on the interested parties by placing a true copy thereof enclosed in sealed envelope addressed as stated below:

XX By Placing a true copy in a sealed envelope to:

Michael Jason Lee, Esq. (State Bar No. 206110)
**LAW OFFICES OF MICHAEL JASON LEE, APLC**
4660 La Jolla Village Drive, Suite 100
San Diego, California 92122
Email: michael@mjllaw.com


 **X**   Mail:  I deposited the envelope in a mailbox of the United States Postal Service located in Los Angeles County, California with first-class postage fully prepaid.

____   Personal Service:  I personally served the documents to the individual listed above.

XX (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

EXECUTED on May 8, 2020, at Los Angeles, California



_____
Rob D. Cucher